Venita Tortel
11565 N 5th W
Idaho Falls, Idaho 83401
208-313-5634

U.S. COURTS
APR 2 7 2015
Rcvd_____ Filed ✓ Time 2:10
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

In re: ) Case No.: 12-40698-JDP
) (Chapter 7)
VENITA TORTEL, )
)
Debtor. )

OBJECTION TO MOTION TO APPROVE COMPROMISE AND AFFIRMATIVE
DEFENSES

COMES NOW, Venita Tortel, without and in want of counsel, who is unschooled in law and asks the court to take Judicial Notice of the enunciation of principles as stated in *Haines v. Kerner*, 404 U.S. 519, wherein the court has directed that those who are unschooled in law making pleadings and/or complaints shall have the court look to the substance of the pleadings rather than the form, made Debtor herein, and answers the Motion filed by Trustee herein, and states:

NATURE OF CONTROVERSY

A. The Accident contained in paragraph A. of Trustee (R. Sam Hopkins) The Accident is denied for lack of sufficient information to form a belief as to the truth therein.

B. The injury contained in paragraph B. of Trustee. The injury is denied for lack of sufficient information to form a belief as to the truth therein, and there has been know material fact or evidence presented.

C. The Preexisting Medical Conditions contained in paragraph C. of Trustee. Preexisting Medical Conditions are denied for lack of sufficient

OBJECTION TO MOTION TO APPROVE COMPROMISE AND AFFIRMATIVE DEFENSES
1-6

information to form a belief as to the truth therein, and there has been know material fact or evidence presented.

D. The Lawsuit contained in paragraph D. of Trustee. The Lawsuit are denied for lack of sufficient information to form a belief as to the truth therein, and there has been know material fact or evidence presented.

E. The Damages contained in paragraph E. of Trustee. The Damages are denied for lack of sufficient information to form a belief as to the truth therein, and there has been know material fact or evidence presented.

F. The Chapter 7 Case contained in paragraph F. of Trustee. The Chapter 7 Case are denied. The Trustee admitted that the chapter 7 Bankruptcy Case No. 12-40698-JDP, was dismissed on July 16, 2012. The civil lawsuit was not filed until October 2012 after the Bankruptcy case was dismissed. There are no facts in evidence to show that Trustee had the right to reopen the case by admission of his own timeline.

WHEREFORE Debtor demands judgment against Trustee with prejudice, together with Debtor's costs and such other further relief as the Court may deem reasonable and just under the circumstances; as well as sanctions against Trustee and Trustee's Attorney for bringing a fraud upon this court and upon Debtor.

## SUMMARY OF COMPROMISE

1. Debtor denies that the Trustee settlement is adequate to cover Debtors personal injury claim.
2. The Trustee and LIBERTY MUTUAL INSURANCE are denying Debtor relief for damages adequate to cover and take care of personal injuries, loss of wages, punitive damages, and loss of consortium. They are denying Debtor of Due Process of Law and a Jury Trial.
3. Debtor orders this court to deny the conditions, as specified.

## ANALYSIS OF COMPROMISE

Debtor objects to the Trustee proposed compromise.

1. <u>The probability of success in the litigation which is being settled.</u> The Debtor objects on the grounds that Trustee has no firsthand knowledge and there are no facts, only beliefs and opinions. The Debtor is the only one with firsthand

OBJECTION TO MOTION TO APPROVE COMPROMISE AND AFFIRMATIVE DEFENSES

knowledge.  The Debtor is the only one capable of testifying with firsthand knowledge as to the extent of the damages. The jury trial is the only place that the facts of this case can be heard. All other beliefs or opinions are nothing more than hearsay, with no facts.

2. <u>Difficulties, If any, to be Encountered in the Matter of Collection</u>.  The Debtor believes that there are considerably more funds available.  The Debtor still has injuries that have not been medically repaired and are greater than the opinion of the Trustee.  The Trustee appears only interested in taking care of himself, and is giving no consideration to the Creditors or Debtor.

3. <u>The Complexity, Inconvenience, and/or Delay</u>.  In the opinion and belief of the Debtor, this case should proceed to a jury trial in the state court to maximize a settlement that may be beneficial to the Creditors as well as the Debtor.

4. <u>The Interest of Creditors</u>.  The Debtor believes that this proposed compromise is not in the best interest of her creditors.  By approving the compromise the Creditors and the Debtor may be giving up considerable compensation from LIBERTY MUTUAL INSURANCE, EDWARDS THEATRES, INC, and REGAL ENTERTAINMENT GROUP, INC. The Debtors belief and opinion is that there is much to be gained by proceeding with the jury trial.

## AFFIRMATIVE *DEFENSES*

1.     <u>Failure to State a Claim Upon Which Relief Can be Granted</u>: Trustee has failed to plead all ultimate facts necessary to assert all essential elements in a cause of action for motion for approval of compromise.

2.     <u>Fraud</u>: Trustee misrepresents the material facts 1.) That Trustee has misrepresented the facts of The Accident; 2.) That Trustee misrepresented The Injury; 3.) that Trustee misrepresented the facts of The Preexisting Medical Conditions; 4.) that Trustee misrepresented the facts of The Lawsuit; 5.) that Trustee misrepresented the facts of The Damages; 6.) that Trustee misrepresented the facts of The Chapter 7 Case.

3.     <u>Lack of Jurisdiction Over Subject Matter</u>: This Court is not the proper forum, venue and jurisdiction to bring this action in, as Trustee has not demonstrated the requisite fact that Trustee has standing or statutory capacity to bring this motion within

the UNITED STATES BANKRUPTCY COURT DISTRICT OF IDAHO.

4.      Sham Motion:  Trustee, and its attorney, at the time of motion, knew or should have known that the material allegations of Trustee's motion are false, that Trustee and Trustee's attorney had no document(s) admissible as evidence or a competent witness(s) to authenticate said documents and said allegations 1.)That Trustee has misrepresented the facts of The Accident; 2.) That Trustee misrepresented The Injury; 3.) that Trustee misrepresented the facts of The Preexisting Medical Conditions; 4.) that Trustee misrepresented the facts of The Lawsuit; 5.) that Trustee misrepresented the facts of The Damages; 6.) that Trustee misrepresented the facts of The Chapter 7 Case

5.      Statute of Frauds:  Trustee is asserting the existence of material facts1.) That Trustee has misrepresented the facts of The Accident; 2.) That Trustee misrepresented The Injury; 3.) that Trustee misrepresented the facts of The Preexisting Medical Conditions; 4.) that Trustee misrepresented the facts of The Lawsuit; 5.) that Trustee misrepresented the facts of The Damages; 6.) that Trustee misrepresented the facts of The Chapter 7 Case.

6.      Unclean Hands:  Trustee has unclean hands in this Bankruptcy in that Trustee is not looking out for the best interest of the Creditors and Debtor; 1.) That Trustee has misrepresented the facts of The Accident; 2.) That Trustee misrepresented The Injury; 3.) that Trustee misrepresented the facts of The Preexisting Medical Conditions; 4.) that Trustee misrepresented the facts of The Lawsuit; 5.) that Trustee misrepresented the facts of The Damages; 6.) that Trustee misrepresented the facts of The Chapter 7 Case.  Trustee has misrepresented the facts in the case and has no supporting evidence in the way of documents that is the subject of this motion in regards to Motion for Approval of Compromise.

This Court will be made a mockery of and Justice will not be served should Trustee be granted Motion for Approval of Compromise, Trustee and Trustee's attorney would be unjustly enriched by a motion in Trustee's favor.

OBJECTION TO MOTION TO APPROVE COMPROMISE AND AFFIRMATIVE DEFENSES

4-6

DATED this 27th day of April, 2015

_Ventia Tortel_
Ventia Tortel

### JURAT

State of Idaho       )
                     ) ss.
County of Bonneville )

On this 27th day of April, 2015, before me, the undersigned, a Notary Public, in and for Idaho, personally appeared the above natural state citizen on Idaho, by autograph known to me to be the one whose name is appears on this instrument, and has acknowledged to me that he has executed the same, swears said document to be the truth to the best of his knowledge and ability, under pains and penalties of perjury.

Signature: _____                                  Seal

My Commission Expires: 01-21-2020

{ IVAN DELGADO
  NOTARY PUBLIC
  STATE OF IDAHO }

Signed, Sealed and Delivered
**In the Presence of these witnesses:**

1) Sign: _____   2) Sign: _____
   Name: _____      Name: MAKEE CROWTON

OBJECTION TO MOTION TO APPROVE COMPROMISE AND AFFIRMATIVE DEFENSES

5-6

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and complete copy of the above and foregoing document has this date been served upon party(s) stated below. Delivery of the same to each of the following, by the chosen method indicated below to each of their addresses on this 27 day of April, 2015.

| | |
|---|---|
| **UNTIED STATES BANKRUPTCY COURT DISTRICT OF IDAHO**<br>801 E Sherman Street<br>Room 119<br>Pocatello, Idaho 83201 | [ ] U.S. Mail 1st Class Postage<br>[ X ] Hand-Delivered<br>[ ] Facsimile<br>[ ] Over Night Mail<br>[ ] CERTIFIED MAILING<br># _____ |
| Daniel C. Green<br>RACINE, OLSON, NYE,<br>BUDGE 7 BAILED, CHARTERED<br>P.O. BOX 1391<br>Pocatello, Idaho 83204 | [ X ] U.S. Mail 1st Class Postage<br>[ ] Hand-Delivered<br>[ ] Facsimile<br>[ ] Over Night Mail<br>[ ] CERTIFIED MAILING<br># _____ |
| R Sam Hopkins<br>801 E Sherman Street<br>Room 119<br>Pocatello, Idaho 83201 | [X] U.S. Mail 1st Class Postage<br>[X] Hand-Delivered<br>[ ] Facsimile<br>[ ] Over Night Mail<br>[ ] CERTIFIED MAILING<br># _____ |

*Venita Tortel*
Venita Tortel

OBJECTION TO MOTION TO APPROVE COMPROMISE AND AFFIRMATIVE DEFENSES

6-6